UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 1:08-CR-49 |
| | ) | |
| ANTWI D. COFFEE, JR. | ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion to Defer Restitution Payments filed by the defendant, Antwi D. Coffee, Jr., ("Coffee") on December 9, 2009. Docket at 40. The United States of America ("the government") filed a response in opposition to the motion on December 16, 2009 (docket at 42) and Coffee filed a reply brief on December 28 (docket at 43). For the reasons discussed below, the motion is DENIED.

**DISCUSSION**

Coffee was sentenced by this court on December 17, 2008, to 51 months imprisonment on one count of armed bank robbery. Docket at 37. In the judgment, the court directed Coffee to pay $53,123.04 in restitution to Chase Bank, the victim of the crime. Judgment, docket at 38. The court directed that the restitution amount shall be paid at a minimum rate of $20.00 per month commencing thirty (30) days after Coffee's release from imprisonment. *Id.* In addition, the court ordered that while Coffee was in the custody of the U.S. Bureau of Prisons, "[r]estitution payments shall be made from any wages the defendant may earn in prison in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program. Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision [by the U.S. Probation Department]." *Id.*

In his motion, Coffee states that he "is currently assigned to the UNICOR prison industry and paid approximately $50.00 monthly of which the Bureau of Prisons deducts 50% towards the restitution, leaving defendant approximately $25.00 for personal hygiene products and telephone calls to immediate family and children to maintain family ties[.]" Motion to Defer Restitution Payments, p. 1. He states that he "receives little or no monies from family." *Id*., p. 2. He informs the court that if restitution payments are deferred until his release, he "would immediately seek employment and comply with any and all court ordered payment plan towards the satisfaction of the restitution." *Id*.[1]

The government responds by stating that "[t]he defendant's obligation [to make restitution payments] does not cease while he is incarcerated. Pursuant to statute, his obligation continues during his period of incarceration[.]" Government's Response, pp. 1-2. The government cites 18 U.S.C. § 3664(n), which states as follows:

> If a person who is obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

The government also notes that the Seventh Circuit has specifically held that "[p]ayments until release [from imprisonment] should be handled through the Inmate Financial Responsibility Program rather than the court's auspices." *United States v. Sawyer*, 521 F.3d 792, 796 (7th Cir. 2008). The government, then, argues that "deferral [of restitution payments] is not warranted where the judgment in this cause and current payments through the BOP are consistent with the

---

[1] In support of his position, Coffee attached to his motion a copy of his Inmate Earning Statement.

law. Government's Response, p. 2.

In his reply brief, Coffee retorts by stating that he "does not dispute the language of 18 U.S.C. § 3664(n), but defendant respectfully submits that defendant has not received substantial resources from any source, including inheritance, settlement, or other judgment, during defendant's period of incarceration." Defendant's Reply, p. 1. He further states that since his prison wages are so low, it "places defendant between the proverbial 'rock and hard place' whereas defendant does not fit the criteria set forth in 18 U.S.C. § 3664(n) [since] defendant's wages at UNICOR could hardly be characterized as substantial in any way . . ." *Id*., p. 2. He also states that he "is no longer employed at UNICOR, and the BOP places individuals under restriction when fines or restitution are unable to be satisfied, as such defendant is being subjected to restriction for no reason other than an inability to pay monies defendant does not possess." *Id*. In short, Coffee argues that having to make restitution payments creates a hardship on him in prison and that he is now subjected to certain (non-articulated) restrictions by the BOP as a result of his inability to make such payments.

Coffee, like many (perhaps most) inmates in similar financial straights, seizes on the words "substantial resources" in § 3664 and argues that prison wages do not constitute substantial resources as that term is used in the statute. He also argues, again like many other inmates, that having to make any restitution payments at all while incarcerated imposes unfair hardships, making an already difficult living environment even more unpleasant. Unfortunately, Coffee is not entitled to relief for two reasons. First, the courts–including the Seventh Circuit Court of Appeals–consider prison wages, no matter how meager, to be subject to the statute. Second, an inmate raising a complaint about restitution payments being deducted from his prison

wages or about restrictions placed on him as the result of an inability pay, must raise the issue with the Bureau of Prisons by way of an administrative proceeding, not by filing a motion with a district or appellate court. As the Seventh Circuit explained in *Sawyer*, "[c]ourts are not authorized to override the Bureau's discretion about such matters, any more than a judge could dictate particulars about a prisoner's meal schedule or recreation (all constitutional problems to the side). Prisoners dissatisfied with a warden's administration of the Inmate Financial Responsibility Program may appeal within the Bureau of Prisons, see 28 C.F.R. § 545.11(d), and may be able to obtain judicial review of the Bureau's final decision under the Administrative Procedure Act. 5 U.S.C. § 702." *Sawyer*, 521 F.3d at 794. The appellate court also explained as follows:

> [W]e hold that leaving payment during imprisonment to the Inmate Financial Responsibility Program is not an error at all, let alone a plain error. The statute requires the judge to set a schedule if the defendant cannot pay in full at once, see 18 U.S.C. § 3664(f)(2), but it does not say when the schedule must begin. We hold today that it need not, and as a rule should not, begin until after the defendant's release from prison. *Payments until release should be handled through the Inmate Financial Responsibility Program rather than the court's auspices.*

*Id*. at 796 (italics added). In the present case, Coffee was unable to pay the restitution amount immediately, so the court ordered that payments should begin within 30 days of his release, as stated above. Until that time, the Bureau of Prisons is in charge of how much of Coffee's funds will be redirected to satisfy the restitution order and Coffee's remedy to complain about this is confined (at least for the time being) to an administrative proceeding within the BOP.[2] This is

---

[2] The BOP has absolute discretion to dictate how the Inmate Financial Responsibility Program will be applied to any inmate. This would be the case even if this court had made no mention of the program in the Judgment entered in this case. *See Sawyer*, 521 F.3d at 794 ("[a]s for the Bureau of Prisons: it does not need judicial permission to remit money from a prisoner's

4

true no matter how financially strapped Coffee may be while in prison, how unpleasant it may be for him to have less (or even no) discretionary income, or the fact that the BOP has placed restrictions on him due to his present refusal or inability to pay any amount of restitution. *See, e.g., United States v. Vasquez*, 333 Fed.Appx. 125, 126 (7th Cir. 2009) (the BOP is authorized to deny an inmate privileges due to his failure or refusal to participate in the Inmate Financial Responsibility Program).

**CONCLUSION**

For the reasons set forth above, the Motion to Defer Restitution Payments filed by the defendant, Antwi D. Coffee, Jr., is DENIED.

Date: January 13, 2010.

    /s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana

---

account, with or without the prisoner's assent. It has ample authority to set the terms on which inmates are held. Whether inmates make any money during their captivity, and, if they do, how much must be paid to creditors, are subjects well within the authority of the Executive Branch.").

5